**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4417
Telephone:  602/258-7701
Telecopier:  602/257-9582

Michael D. Moberly – 009219
mmoberly@rcalaw.com
Andrea G. Lovell – 019882
alovell@rcalaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan East, | Case No. 2:19-cv-02293-JJT |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| Mariann  Hansen Barsolo and Vince Barsolo, wife and husband; and Pegasus Research Group, LLC d/b/a Televerde, | |
| Defendants. | |

In response to Plaintiff's Complaint, Defendants Mariann Hansen Barsolo and Vince Barsolo, wife and husband, and Pegasus Research Group, LLC d/b/a Televerde ("Televerde") (collectively, "Defendants") admit, deny, and allege as follows:

### INTRODUCTION

1.      Defendants admit that Plaintiff Megan East ("East" or "Plaintiff") is a former employee of Televerde and deny the remaining allegations contained in paragraph 1 of the Complaint.

2.      Defendants deny that events or omissions occurred as alleged in the Complaint, and therefore deny the allegations contained in paragraph 2 of the Complaint.

### THE PARTIES

3.      Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint.

4.     Defendants admit that Televerde's principal place of business and global headquarters is located at 4636 East University Drive, Suite 150, Phoenix, Arizona 85034, and deny the remaining allegations contained in paragraph 4 of the Complaint.

5.     Defendants admit that Vince Barsolo is a resident of the State of Arizona and an employee of Televerde, and deny the remaining allegations contained in paragraph 5 of the Complaint.

6.     Defendants admit that Vince Barsolo and Mariann Hansen Barsolo are husband and wife, and lack information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7.     Defendants admit that Plaintiff was formerly employed by Televerde and deny the remaining allegations contained in paragraph 7 of the Complaint.

8.     Defendants admit that Televerde was Plaintiff's former employer for a period of time, and deny the remaining allegations contained in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.     Defendants admit that this Court has subject matter jurisdiction.

10.     Defendants admit that venue is proper in the District of Arizona and deny the remaining allegations contained in paragraph 10 of the Complaint.

## GENERAL ALLEGATIONS

11.     Defendants admit that Plaintiff was formerly employed at the Perryville State Prison Complex, and affirmatively allege that Plaintiff's employer at that time was Arizona Correctional Industries ("ACI").   Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12.     Upon information and belief, Defendants admit the allegations contained in paragraph 12 of the Complaint, but affirmatively allege that inmates are employed by ACI and that job-related postings are done by the Department of Corrections.

13.     Defendants lack information sufficient to form a belief about the truth of

the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff was employed by Televerde following her release and through July 2016; defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff filed a collective lawsuit, Case No. 2:16-cv-03875-GMS, on or about November 8, 2016 against Televerde; defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff informed Mr. Neuer that she was interested in working for Televerde, deny the remaining allegations contained in paragraph 19 of the Complaint, and affirmatively allege that Mr. Neuer informed Plaintiff he would need to inquire about whether she was eligible for rehire.

20. Defendants admit that Plaintiff informed Mr. Neuer that she was involved in a lawsuit and that Mr. Neuer had no prior knowledge of the lawsuit.  Defendants deny the remaining allegations contained in paragraph 20 of the Complaint, and affirmatively allege that Mr. Neuer informed Plaintiff he would need to inquire about whether she was eligible for rehire.

21. Defendants admit that Plaintiff spoke with Todd Stapley, and lack information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff informed Mr. Stapley that she was involved

in a lawsuit, and affirmatively allege that Mr. Stapley had no prior knowledge of the lawsuit.  Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit that Plaintiff's pending collective action against Televerde was settled in or about January 2018, and deny the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendants lack information sufficient to form a belief about whether Plaintiff submitted an "inmate letter," admit they did not respond to such a letter, and deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that Plaintiff was not hired, and deny the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendants lack information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint, and affirmatively allege that there are other ACI positions Plaintiff could have sought.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

## CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT RETALIATION)

37.     Defendants incorporate and re-allege all prior allegations as if fully set forth herein.

38.     The allegations contained in paragraph 38 of the Complaint constitute a legal conclusion and therefore no response is required.

39.     The allegations contained in paragraph 39 of the Complaint constitute a legal conclusion and therefore no response is required.

40.     Defendants admit they were aware of Plaintiff's participation in a lawsuit and that Plaintiff herself informed many Televerde employees, including but not limited to Messrs. Neuer and Stapley, of that fact.  Defendants deny the remaining allegations of paragraph 40 of the Complaint.

41.     The allegations contained in paragraph 41 of the Complaint constitute a legal conclusion and therefore no response is required.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny each and every allegation contained in the Complaint that is not expressly admitted in this Answer.

47.     Defendants deny that Plaintiff is entitled to any of the relief requested in her prayer for relief.

## AFFIRMATIVE DEFENSES

By alleging the affirmative defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of persuasion and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

1.     Plaintiff's claims are barred by the existence of legitimate, non-retaliatory reasons for any action(s) taken by Defendants, including but not limited to Televerde's designation of Plaintiff as "ineligible for rehire" at the time she was terminated in or about July 2016 for failing to cooperate with a drug test.

2.     Upon information and belief, Plaintiff has failed to mitigate her alleged damages.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4.     Defendants' alleged actions were not willful and did not show reckless disregard for whether their conduct complied with the FLSA.

5.     Defendants acted in good faith based on a reasonable belief that their actions did not violate the FLSA.

6.     Punitive damages are not available under the FLSA's retaliation provisions; even if punitive damages were available under the FLSA's retaliation provisions, Defendants at no time acted wrongfully or with malice or reckless indifference to Plaintiff, and some or all of the relief Plaintiff requests may be barred or limited by due process concepts of proportionality and fairness.

WHEREFORE, having fully answered, Defendants respectfully request that:

A.     Plaintiff's Complaint be dismissed with prejudice, and Plaintiff take nothing thereby;

B.   Judgment be entered in favor of Defendants and against Plaintiff on all claims;

C.   Defendants be awarded their costs and reasonable attorneys' fees incurred herein; and

D.   Defendants be awarded such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITED this 23rd day of May, 2019.

**RYLEY CARLOCK & APPLEWHITE**

By: s/ Andrea G. Lovell
    Michael D. Moberly
    Andre G. Lovell
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, I electronically transmitted the attached **ANSWER** to the Clerk's Office using the CM/ECF System for filing, and that I transmitted a Notice of Electronic Filing to the following CM/ECF registrants:

Nicholas J. Enoch
Kaitlyn A. Redfield-Ortiz
Stanley Lubin
LUBIN & ENOCH
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
*Attorneys for Plaintiff*

By: s/ Tina Kaminski